UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JAMES D. HARDING,                              )
                                               )
              Petitioner,                      )
       vs.                                     )    No. 3:06-CV-0126-RLY-WGH
                                               )
U.S. DISTRICT ATTORNEY, et al.,                )
                                               )
              Respondent.                      )

Entry Discussing Petition for Writ of Habeas Corpus

I.

The petitioner's request to proceed *in forma pauperis* is **granted.**

II.

This cause is before the court on the petition of James Harding for a writ of habeas corpus and on his response to the court's order of July 18, 2006, that he show cause why the present action should not be dismissed for the same reasons as explained in the Entry of July 18, 2006, in No. EV 90-CR-31-01, No. EV 91-CR-08-01, No. EV 91-CR-09-01, No. EV 91-CR-11-01, and No. EV 91-CR-12-01.

Whereupon the court, having considered such petition and response, and being duly advised, finds that the action should be summarily dismissed for the reasons explained in the Entry of July 18, 2006.[1]

In addition to those reasons, the petitioner has mistakenly equated a detainer with signifying *only* an untried charge. In this case, the detainer he challenges is not based on an untried charge in this District, but was issued in conjunction with the contention that the petitioner violated the conditions of his supervised release. This is not the type of detainer

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases provides that "[i]n applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States District Court." The only habeas corpus action covered by Rule 1(a) is the 28 U.S.C. § 2254 action. The court therefore elects to exercise its discretion and apply the Rules Governing Section 2254 Cases to petitioner's habeas corpus action filed pursuant to 28 U.S.C. § 2241. Accordingly, the court may dismiss petitioner's Petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, *Rules Governing Section 2254 Cases*.

which triggers either the procedural or substantive rights which form the basis of his petition. This was explained in the Entry of July 18, 2006, and the petitioner shows no persuasive reason why relief in this case must not be denied on that same basis.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/31/2006

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana